UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FORESTELL NORMAN SHEPPARD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:02CV341 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Forestell Norman Sheppard has filed a *pro se* motion to "reopen the proccedings" in this case under Federal Rules of Civil Procedure 60(b) and (d). The government has not responsded to the motion. For the reasons stated below, I find that Sheppard's motion under Rule 60 does not provide Sheppard with a means to challenge his sentence, because the relief he seeks is properly brought as a successive §2255 motion.

Sheppard was convicted by a jury of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and sentenced to twenty years. He appealed the verdict and his conviction was upheld by the Eighth Circuit. He then filed a request for rehearing, which was denied, and later a motion under §2255 claiming ineffective assistance of counsel. I denied that motion and, after moving for a reconsideration of judgment, Sheppard again

appealed and the Eighth Circuit denied his request for a certificate of appealability.

Sheppard now seeks to reopen his § 2255 motion based on several provisions of Federal Rule of Civil Procedure Rule 60(b) claiming that the Court "mis-apprehended the nature" of several of his §2255 arguments. However, the Eighth Circuit has stated that district courts should conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). A Rule 60(b) motion should be construed as a successive habeas petition when it raises "grounds identical to grounds heard and decided on the merits in [a] previous petition." *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir.1996). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814; 28 U.S.C.A. § 2244.

In his motion under Rule 60(b), Sheppard admits that he is merely rearguing the issues that he previously asserted in his §2255 motion. Specifically, he insists that the Court reconsider his arguments included in Claim II.B. of his §2255

motion. As a result, this motion is not a proper motion under Rule 60(b), but is instead a successive habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion [#23] is dismissed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2010